GORDON SILVER
ERIC R. OLSEN
Nevada Bar No. 3127
Email: eolsen@gordonsilver.com
ELIAS GEORGE
Nevada Bar No. 12379
Email: egeorge@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555
Fax: (702) 369-2666
*Attorney for Non-Party JBI, Inc.*

**ORIGINAL**

2013 OCT 16  P 3: 4

UNITED STA

**2:13-ms-83**

DISTR

BIG 3 PACKAGING, LLC,

Plaintiff,

v.

AQUA CHEMPACS, LLC, ET. AL.,

Defendant.

Pending in Case No. 2:12-cv-05806-PBT (Eastern District of Pennsylvania)

**NON-PARTY, JBI, INC.'S OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Non-party, JBI, Inc. ("JBI"), by and through its attorneys, the law firm of Gordon Silver, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, hereby serves its Objections to Defendant's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action because the subpoena is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence in this case. In support thereof, JBI states as follows:

1.  On or about October 2, 2013, Defendant served its Subpoena to Produce Documents, Information, or Objections or to Permit Inspection of Premises in a Civil Action ("the Subpoena") on non-party JBI, commanding JBI to produce documents, electronically stored information or objects and permit their inspection, copying, testing, or sampling, a copy of which is attached hereto as Exhibit A.

2.  The Subpoena commands the production of documents at the office of its

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

28222200.1

1

1  Registered Agent, Killucan International, Inc., in Las Vegas, Nevada. The principal place of

2  operations of JBI is Niagara Falls, New York. JBI does not keep or maintain any business

3  records or documents in Las Vegas, Nevada, and Killucan International, Inc. does not control or

4  maintain custody of any of JBI's business records, which are located in New York. Although

5  personal jurisdiction may be obtained over JBI through service on its Registered Agent, this

6  minimal contact with Nevada should not be sufficient to create jurisdiction over documents that

7  are thousands of miles from this district. Simply because this Court has jurisdiction over the

8  non-party does not make this district the most appropriate forum for issuance or enforcement of

9  the Subpoena. *See Ariel v. Jones*, 693 F.2d 1058, 1060 (11th Cir. 1982) (affirming district court

10  quashing subpoena where subpoena was served on registered agent in Florida for documents

11  located in Colorado). *See also Echostar Commc'ns Corp. v. News Corp.*, 180 F.R.D. 391, 396

12  (D. Col. 1998) (the appropriate question to ask is whether the corporation's agent for service of

13  process possesses the "degree of control" over the documents sought so as to make it appropriate

14  for a court in one state to enforce a subpoena for documents located in another state). Moreover,

15  Las Vegas is more than 100 miles from New York where JBI regularly transacts business, and

16  JBI cannot be ordered to appear outside the 100 mile limit from where it regularly transacts

17  business. FED. R. CIV. P. 45(c)(3)(A)(ii).

18      3.      Because JBI is a non-party and non-fact witness, the Court should give "extra

19  consideration" to its objections to the scope of the Subpoena. *Schaaf v. Smithkline Beecham*

20  *Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005); *Premier Election Solutions, Inc. v. Systest Labs*

21  *Inc.*, No. 09-cv-01822-WDM-KMT, 2009 WL 3075597, at *3 (D. Colo. Sept. 22, 2009)

22  ("[D]iscovery from third-parties in particular must … be closely regulated."). To evaluate the

23  "undue burden" on JBI, "the court must weigh factors such as relevance, the need of the party for

24  the documents, the breadth of the document request, the time period covered by the request and

25  the particularity with which the documents are described[,] *against* the burden imposed on the

26  person ordered to produce" the materials. *Schaaf v. SmithKline Beecham Corp.*, No. 3:06-CV-

27

28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

28222200.1                          2

120-J-25TEM, 2006 WL 2246146, at *2 (M.D. Fla. August 4, 2006). The fact that the Subpoena seeks discovery from a non-party "weigh[s] against disclosure." *Id.*

4. The Subpoena is, on its face, overbroad and unduly burdensome in that it commands production by a non-party of "any documents relating to, referring to, evidencing and/or memorializing" eight categories of documents. The use of such omnibus terms as "relating to" or "referring to" provides no guidance and requires JBI to go through mental gymnastics to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden within the scope of the request. For example, request number 8 on Schedule A of the Subpoena seeks "Any documents relating to, referring to, evidencing and/or memorializing communications related to and/or referring to Aqua ChemPacs, LLC and/or its products." This request is so all-encompassing as to make it vague, overly broad and unduly burdensome on its face. *See Cardenas v. Dorel Juvenile Group, Inc.,* 232 F.R.D. 377, 381-382 (D. Kan. 2005). The other categories of documents suffer from the same lack of specificity and reasonable particularity so that they are rendered vague, overbroad and unduly burdensome.

5. The Subpoena is overbroad in that there is no time limitation whatsoever for the documents requested. Discovery should be limited to a reasonable time period. *See, e.g., Coker v. Duke & Co.,* 177 F.R.D. 682, 686 (M.D. Ala. 1998) (in securities fraud litigation, 5 years is a reasonable time period for discovery of documents); *Schaaf v. Smithkline Beecham Corp.,* 233 F.R.D. 451, 455 (E.D.N.C. 2005) (finding that subpoena to non-party demanding production of documents for a ten year period "stands as the paradigmatic example of a facially overbroad subpoena").

6. The Subpoena is improper because it seeks documents that are protected by the attorney-client work product and other privileges. FED. R. CIV. P. 26(b)(1), 45(c)(3)(A)(iii). For example, the Subpoena seeks any documents relating to or referring to acquisition of certain assets by and from JBI. Without admitting that such documents even exist, if JBI did sell or acquire certain assets, any such actions would involve its attorneys to advise and assist with that activity.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

28222200.1

3

1      7.     The Subpoena is overbroad in that it commands production of Plaintiff's

2  proprietary and confidential information which is neither relevant to the issues in the pending

3  litigation nor is calculated to lead to the discovery of admissible evidence, and that JBI has a

4  contractual obligation to protect. FED. R. CIV. P. 26(b)(1), 45(c)(3)(A)(iii). Plaintiff acquired

5  from JBI certain assets that JBI may have retained copies of, including materials sought by the

6  Subpoena. For example, request numbers 4, 5 and 6 seek documents relating to or referring to

7  acquisition of certain assets by and from JBI, and any information about a certain patent. The

8  request encompasses confidential, proprietary, and trade secret business records involving

9  technologies and processes that may be unrelated to this case and potentially damaging if

10  delivered to the hands of competitors. Pursuant to the Agreed Protective Order in this matter

11  [DE 32], JBI is unable to produce any materials it may possess without providing Plaintiff an

12  opportunity to designate them for protection.

13      8.     The Subpoena is unduly burdensome because it seeks documents that can be

14  obtained from a source that is more convenient and less burdensome. Aqua ChemPacs should be

15  required to demonstrate that the Subpoena is the only practical means available for obtaining the

16  information. *See Schaaf*, 233 F.R.D. at 454 (quashing subpoena directed to non-party "[b]ecause

17  the discovery sought [was] obtainable from some other source that [was] more convenient, less

18  burdensome, or less expensive"). For example, the request seeks all documents relating to or

19  referring to agreements with Stephen Seneca, who is the CEO of Aqua ChemPacs. Certainly,

20  Mr. Seneca has those documents and it is not necessary for JBI to identify, locate and produce

21  them.

22      9.     Because the Subpoena is facially deficient, overbroad and unduly burdensome the

23  Court should enter an order quashing the Subpoena and award JBI the expenses it incurred in

24  / / /

25  / / /

26  / / /

27  / / /

28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

28222200.1         4

opposing the Subpoena. *See, e.g., Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC*, 282 F.R.D. 574, 576 (M.D. Fla. 2012) (awarding non-party expenses incurred in successfully opposing subpoena via motion to quash, or in the alternative, for protective order).

DATED this 16th day of October 2013.

GORDON SILVER

ERIC R. OLSEN, Nevada Bar No. 3127
ELIAS GEORGE, Nevada Bar No. 12379
3960 Howard Hughes Pkwy, 9th Fl.
Las Vegas, Nevada 89169
*Attorneys for Non-Party, JBI, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been transmitted via Email and deposited in the U.S. Mail, postage prepaid, this 16th day of October 2013 on the following:

John S. Artiz, Esq.
DICKINSON WRIGHT PLLC
2600 W. Big Beaver Road, Suite 300
Troy, Michigan  48084-3312
Telephone:    248-433-7262
*Attorney for Defendant*
jsartz@dickinsonwright.com

Bobbye Donaldson
An Employee of Gordon Silver

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

28222200.1                                    5

# EXHIBIT_A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | | |
|---|---|---|
| Big 3 Packaging, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:12-cv-05806-PBT |
| | ) | |
| Aqua ChemPacs, LLC, et al. | ) | (If the action is pending in another district, state where |
| *Defendant* | ) | Eastern District of Pennsylvania    ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: JBI, Inc., c/o Killucan International, Inc., Registered Agent
4830 Impressario Court, Las Vegas, NV 89149

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Schedule A

| Place: JBI, Inc. c/o Killucan International, Inc., Registered Agent 4830 Impressario Court, Las Vegas, NV 89149 | Date and Time: 10/17/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 10/2/13

CLERK OF COURT

OR

*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Aqua ChemPacs, LLC
, who issues or requests this subpoena, are:

John S. Artz, Esq., Dickinson Wright PLLC, 2600 W. Big Beaver Road, Suite 300, Troy, Michigan 48084-3312, jsartz@dickinsonwright.com, 248-433-7262.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2.12-cv-05806-PBT

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*
was received by me on *(date)*

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                 for travel and $                 for services, for a total of $     0.00

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e)** *Contempt.* The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

1.      Any documents relating to, referring to, evidencing and/or memorializing agreements between JBI, Inc. or Pak-It, LLC and Stephen Seneca.

2.      Any documents relating to, referring to, evidencing and/or memorializing communications about any agreements between JBI, Inc. or Pak-It, LLC and Stephen Seneca.

3.      Any documents relating to, referring to, evidencing and/or memorializing communications with B3P and/or Higgs related to and/or referring to Steven Seneca.

4.      Any documents relating to, referring to, evidencing and/or memorializing JBI, Inc.'s acquisition of the assets of Dickler Chemical Laboratories, Inc. ("Dickler Chemical").

5.      Any documents relating to, referring to, evidencing and/or memorializing Big 3 Packaging, LLC ("B3P")'s acquisition of the assets of JBI, Inc., including but not limited to the Asset Purchase Agreement dated February 2012 and all exhibits and schedules attached to same.

6.      Any documents relating to, referring to, evidencing and/or memorializing any information JBI, Inc. had about U.S. Patent No. 6,037,319 ("'319 Patent"), and the validity or invalidity of such patent, either before or after acquiring the assets of Dickler Chemical.

7.      Any documents relating to, referring to, evidencing and/or memorializing and/or evidencing communications with B3P or Richard Higgs ("Higgs") related to and/or referring to U.S. Patent No. 6,037,319.

8.      Any documents relating to, referring to, evidencing and/or memorializing communications related to and/or referring to Aqua ChemPacs, LLC and/or its products.

9.      Any documents relating to, referring to, evidencing and/or memorializing communications with B3P and/or Higgs related to the lawsuit, entitled *Big 3 Packaging, LLC v. Aqua ChemPacs, LLC, et al* currently pending in the United States District Court of the Eastern District of Pennsylvania.